KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

Attorneys for Defendant Amazon.com
Services LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TERESA RICH, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC.; DOES 1 through 25,<br><br>Defendants. | Case No.<br><br>**AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** |

Defendant Amazon.com Services LLC (erroneously sued as Amazon.com, Inc.) removes this civil action from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court for the District of Nevada, unofficial Southern Division, under 28 U.S.C. §§ 1332(a), 1441, and 1446. This Court has original jurisdiction, and removal is proper under 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000 and the parties are fully diverse. 28 U.S.C. § 1332(a).

As a short and plain statement of the grounds for removal, Amazon states the following:

KAEMPFER
CROWELL

## I. INTRODUCTION

Plaintiff Teresa Rich filed this action on September 24, 2024, in the Eighth Judicial District Court in Clark County, Nevada, Case Number A-24-902408-C. (*See* Ex. A, Docket (last accessed March 21, 2025)).

Plaintiff alleges that on September 29, 2022, she sustained injuries while using a heating pad (Ex. B, Compl. ¶ 9). Plaintiff further alleges the "timer on the Heating Pad malfunctioned, causing dangerous overheating and charring of the Heating Pad itself, as well as Plaintiff's mattress and pillow, resulting in serious smoke inhalation and burns to Plaintiff." (*Id.* ¶ 10). She contends that the "Heating Pad was sold and distributed by Defendants." (*Id.* ¶ 8).

She asserts claims against Amazon for strict liability and negligence, seeking compensatory and special damages. (*Id.* ¶¶ 14–23). For these claims, Plaintiff alleges she suffered injuries and is seeking monetary relief "including past, present, and future pain and suffering and loss of enjoyment of life, in a sum in excess of in excess of Fifteen Thousand Dollars ($15,000.00)." (*See id.* at 5).

## II. REMOVAL IS PROPER

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is complete diversity among parties.

Diversity is determined by the citizenship of the parties at the time the original complaint was filed. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). Complete diversity must exist at the time of removal. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). Plaintiff is a citizen

KAEMPFER
CROWELL

of Nevada. (*See* Ex. B, Compl. ¶ 1). None of the Defendants are citizens of Nevada.

Defendant Amazon is a limited liability company organized under the laws of Delaware. Its sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington state. "[A] limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citation omitted). Therefore, Amazon is a citizen of Delaware and Washington.

The various Does business entities also do not affect jurisdiction because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Accordingly, there is complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332.

**B.    The amount in controversy exceeds $75,000.**

A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co.*, *v. Owens*, 574 U.S. 81, 89 (2014). Although Plaintiff alleged in the Complaint that she has suffered injuries and is entitled to recover for "her general, special, actual and compensatory damages including, but not limited to, her necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering," she declined to specify the total amount of damages sought. (Ex. B, Compl. ¶¶ 19, 23). Rather, Plaintiff alleged only that she seeks damages "in excess of $15,000" as required to establish jurisdiction in Nevada district court. (*See id.* ¶ 11 & p. 5); *see* Nev. R. Civ. P. 8(a)(4) (a pleader may allege "damages 'in excess

of $15,000' without further specification of the amount"). However, Plaintiff served a settlement demand letter on Amazon's insurer offering to settle for $1,000,000 before litigation. (*See* Ex. C, Decl. of Counsel in Support of Amazon.com Services, LLC's Notice or Removal).

A settlement demand is evidence that the amount in controversy exceeds $75,000. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (A "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of plaintiff's claim.") Accordingly, because Plaintiff's settlement demand of $1,000,000 exceeds $75,000, removal is proper.

**C.    Removal is timely.**

This notice is timely. This action is being removed in accordance with 28 U.S.C. § 1446(b)(3) since this case is being removed prior to the prescribed thirty-day period.

**III.    VENUE AND NOTIFICATION TO STATE COURT**

**A.    This Court is the appropriate venue for this action.**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rules IA 1-6 and IA 1-8, venue is proper in the Southern Division of the United States District Court for the District of Nevada, because this is the district and division embracing the state court where this action was filed and is pending.

**B.    Amazon is providing notice to the state court.**

A copy of this Notice of Removal is being served on all parties and filed with the Eighth Judicial District Court of Clark County, Nevada, where this case was originally filed.

KAEMPFER
CROWELL

**C.      Pleadings in the state court action are included.**

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Amazon in the state court action are attached at Exhibit B.

KAEMPFER CROWELL

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorneys for Defendant Amazon.com
Services LLC

KAEMPFER
CROWELL

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of **AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** was made on today's date by submitting electronically filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System and/or by e-mail to the addressee(s) shown below:

SPERBER NAZIF LAW GROUP
Sy Nazif, No. 15970
2831 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
SNazif@snlawyers.com

Attorney for Plaintiff Teresa Rich

DATED: March 21, 2025                /s/ Tera L. Carlstrom
                                     An employee of Kaempfer Crowell

KAEMPFER
CROWELL